UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

EDWARD BUNDY, et al., )
)
           Plaintiffs )
)
    vs. ) CAUSE NO. 2:07-CV-261 RM
)
TRANSPORT DESGAGNES, INC., )
et al., )
)
           Defendants )

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531 (7th Cir. 2007). The plaintiffs' complaint does not allege the existence of jurisdiction; it alleges that "[o]n or about September 4, 2005, the plaintiffs Edward W. Bundy and Janette Bundy were citizens and residents of the Village of Westville, Indiana; the defendant, Transport Desgagnes, Inc., was a foreign corporation owning and operating the defendant M/V Catherine Desgagnes, having its principal place of business in Quebec City, Canada." First, the plaintiffs must show the citizenship of each party as of the date the complaint was filed. Jurisdiction depends on the citizenship of the parties "at the time the suit was filed, which is the relevant time." <u>Howell by Goerdt v. Tribune Entertainment Co.</u>, 106 F.3d 215, 217 (7th Cir. 1997). In addition, alien corporations are considered to be citizens of their country of incorporation, and while the complaint states that the defendant's principal

place of business is in Quebec City, Canada, it contains no allegation of the country of incorporation of the defendant. <u>Wilson v. Humphreys (Caymen) Ltd.</u>, 916 F.2d 1239, 1242 n.2 (7th Cir. 1990).

Although the case may be subject to dismissal on these grounds, <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d at 534, the court instead affords the plaintiffs twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   August 14, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court